Electronically Filed
Intermediate Court of Appeals
CAAP-12-0000664
30-OCT-2012
11:25 AM

NO. CAAP-12-0000664


IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I


CONSUMER SOLUTIONS REO LLC, Plaintiff-Appellee, v.
MERLE SETSUKO KANEKO NISHIKAWA; GEORGE TAGILIMA ANNASTAS;
HENERETA ANNASTAS; et al., Defendant-Appellant

APPEAL FROM THE DISTRICT COURT OF THE FIRST CIRCUIT
EWA DIVISION
(CIVIL NO. 1RC11-1-2091)


ORDER GRANTING PLAINTIFF-APPELLEE'S
OCTOBER 1, 2012 MOTION TO DISMISS APPEAL
(By: Fujise, Presiding Judge, Reifurth and Ginoza, JJ.)

Upon review of (1) Plaintiff-Appellee Consumer

Solutions REO LLC's (Appellee Consumer Solutions REO) October 1,

2012 motion to dismiss appellate court case number CAAP-12-

0000664 (Motion), (2) the lack of any memorandum by Defendants-

Appellants George Tagilima Annastas and Bertha Henerita Annastas

(Appellants Annastas) in opposition to Appellee Consumer

Solutions REO's October 1, 2012 Motion, and (3) the record, it

appears that we lack jurisdiction over the Appellants Annastas's

appeal from the Honorable Hilary Benson Gangnes's June 20, 2012 post-judgment order denying the Appellants Annastas's post-judgment motion to set aside the December 15, 2011 judgment for possession, under Rule 60(b) of the District Court Rules of Civil Procedure (DCRCP), because the Appellants Annastas's appeal is untimely under Rule 4(a)(1) of the Hawai'i Rules of Appellate Procedure (HRAP).

Hawaii Revised Statutes (HRS) § 641-1(a) (1993 & Supp. 2011) authorizes appeals from district court final judgments, final orders or final decrees. Consequently, "[a] post-judgment order is an appealable final order under HRS § 641-1(a) if the order ends the proceedings, leaving nothing further to be accomplished." Ditto v. McCurdy, 103 Hawai'i 153, 157, 80 P.3d 974, 978 (2003) (citation omitted). The June 20, 2012 post-judgment order denying the Appellants Annastas's DCRCP Rule 60(b) post-judgment motion to set aside the December 15, 2011 judgment for possession is an appealable final post-judgment order under HRS § 641-1(a). Nevertheless, "[w]hen a civil appeal is permitted by law, the notice of appeal shall be filed within 30 days after entry of the judgment or appealable order." HRAP Rule 4(a)(1). The Appellants Annastas did not file their July 25, 2012 notice of appeal within thirty days after entry of the June 20, 2012 post-judgment order denying the Appellants Annastas's DCRCP Rule 60(b) post-judgment motion to set aside the December 15, 2011 judgment for possession, as HRAP Rule 4(a)(1) required. Therefore, the Appellants Annastas's July 25, 2012 notice of appeal is not timely.

The failure to file a timely notice of appeal in a civil matter is a jurisdictional defect that the parties cannot waive and the appellate courts cannot disregard in the exercise of judicial discretion. Bacon v. Karlin, 68 Haw. 648, 650, 727 P.2d 1127, 1128 (1986); HRAP Rule 26(b) ("[N]o court or judge or justice is authorized to change the jurisdictional requirements contained in Rule 4 of [the HRAP]."); HRAP Rule 26(e) ("The reviewing court for good cause shown may relieve a party from a default occasioned by any failure to comply with these rules, except the failure to give timely notice of appeal.") Absent a timely appeal, we lack appellate jurisdiction. Therefore,

IT IS HEREBY ORDERED that Appellee Consumer Solutions REO's October 1, 2012 motion to dismiss appellate court case number CAAP-12-0000664 for lack of jurisdiction is granted, and appellate court case number CAAP-12-0000664 is dismissed.

DATED: Honolulu, Hawai'i, October 30, 2012.

Presiding Judge

Associate Judge

Associate Judge